IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JIBREEL FRAZIER,**<br>    **Plaintiff,**<br><br>  v.<br><br>**SYNOVUS FINANCIAL CORP.,** *et al.*,<br>    **Defendants.** | :<br>:<br>:<br>:   **CIVIL ACTION NO. 23-CV-3444**<br>:<br>:<br>: |

**MEMORANDUM**

**SURRICK, J.**                                                                          **SEPTEMBER 26, 2023**

Plaintiff Jibreel Frazier initiated this civil action by filing a *pro se* Complaint against Synovus Financial Corporation, d/b/a First Progress ("First Progress") and Experian Information Solutions ("Experian").[1]  He seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Frazier leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**

Frazier is a frequent litigant in this court.  *See, e.g., Frazier v. Connexus Credit Union*, Civ. A. No. 23-2083 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 23-1097 (E.D. Pa.); *Frazier v. Transunion*, Civ. A. No. 23-0627 (E.D. Pa.); *Frazier v. Trans Union*, Civ. A. No. 22-2896 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 22-2887 (E.D. Pa.); *Frazier v. Experian PLC*, Civ. A. No. 22-1430 (E.D. Pa.); *Frazier v. Capital One Auto Finance*, Civ. A. No. 21-5301 (E.D. Pa.); *Frazier v. Capital One*, Civ. A. No. 21-4397

---

[1] Frazier submitted a form complaint, along with an additional document titled "Complaint," as well as exhibits.  The Court will consider these documents together as comprising Frazier's Complaint.  (*See* ECF No. 2 at 1-19.)  The Court adopts the pagination supplied by the CM/ECF docketing system.

(E.D. Pa.). In the present case, Frazier contends that "on or about July 20, 2023," in Philadelphia, Pennsylvania, First Progress and Experian infringed upon his right to privacy by "continuing to share" his "nonpublic information." (Compl. at 3.)[2]

Specifically, Frazier claims that on or about July 28, 2023, he "notified First Progress informing them that pursuant to the Gramm Leach Bliley Act I am exercising my right to opt out of my personal nonpublic information being shared." (*Id.* at 3, 7.) He contends that he sent a copy of this notice to Experian, as well as a notice that Experian should cease sharing Frazier's "nonpublic information as in name, address, income, social security number, or other information." (*Id.*) Frazier avers that he received a letter from Experian on or about August 10, 2023, informing Frazier "that the information named in the request was updated" and directing Frazier to contact First Progress. (*Id.* at 7.) Frazier asserts that Experian did not make any changes to his consumer report. (*Id.*) According to Frazier, both Defendants continued to share his nonpublic information after being notified. (*Id.* at 3.) Frazier contends that he reviewed his Experian consumer report on or about September 4, 2023 "and noticed First Progress account (account number 544303xxxxxxxxxx) is still being reported. . . ." (*Id.* at 8.)

Frazier claims that First Progress and Experian have violated his right to privacy. (*Id.*) According to Frazier, "[a] financial institution such as First Progress must respect a consumer right to privacy and cease disclosing personal nonpublic information when they receive a consumers/customers opt out notice." (*Id.*) He further contends that Experian is infringing on his right to privacy "by storing, furnishing, collecting, assembling, and disclosing Plaintiffs personal nonpublic information without Plaintiff permission and consent." (*Id.*) He identifies

---

[2] Although he provides a Delaware post office box as his mailing address, Frazier represents that he is domiciled in the "this district." (*See* Compl. at 2, 6.) The Court construes this as a representation that Frazier is a citizen of Pennsylvania.

the nonpublic information shared by Experian as the "payment history for an account listed as First Progress, address listed as 5661 Windsor Ave, Philadelphia, Pa 19143 and payment history" and references Exhibit D attached to his Complaint. (*Id.*)[3] Frazier avers that "his account with First Progress is a private matter between Plaintiff and Connexus [sic] and any reasonable person would be offended if there [sic] non public information was being shared after requesting for it not to be shared and such matter is not of legitimate public concern." (*Id.* at 9.) He further claims that "First Progress has caused Plaintiff's information to be publicized on Experian[']s] platform that provides public access to nonpublic personal information," violating his right to privacy. (*Id.*) Frazier further claims that First Progress and Experian "made an agreement to share" his nonpublic information without his permission or consent after he "chose to opt out of sharing" his nonpublic information. (*Id.*)

    Frazier attached several exhibits to his Complaint. Exhibit A consists of a July 27, 2023 letter from Frazier to First Progress referencing "Closed Account 544303XXXXXXXXXX" and informing First Progress that he no longer wished to have his personal nonpublic information disclosed because he was exercising his right to opt out of nonpublic personal information being reported" pursuant to the Gramm Leach Bliley Act. (*See id.* at 12.) The letter demands that First Progress "immediately stop disclosing/sharing my nonpublic information for this particular closed account to TransUnion, Equifax, and Experian." (*Id.*) TransUnion LLC, Equifax Information Solutions, and Experian Information Solutions are listed as "CC" recipients on the letter. (*Id.*) Exhibit B is comprised of a July 26, 2023 letter addressed to Experian which refers to a First Progress account, although it does not specifically identify the account. (*See id.* at 14.)

---

[3] The Court notes that this address does not appear on the document referenced by Frazier. (*See* Compl. at 19.)

3

Frazier again indicated in the letter that he no longer wished to share his nonpublic information, and invoked his right to privacy and the "protections provided by the Gramm Leach Bliley Act." (*Id.*)  Exhibit C appears to be a report prepared for Frazier by Experian in response to a dispute submitted by Frazier pertaining to the First Progress account.  (*See id.* at 16-17.)  Exhibit D is a portion of Frazier's consumer reported generated by Experian on September 4, 2023, pertaining to First Progress account number 544303XXXXXXXXXX and showing, *inter alia*, that the account was closed as $140 past due as of August 2023.  (*Id.* at 19.)

Frazier claims that he has suffered emotional distress, mental anguish, and harm to his reputation as a result of Defendants' actions.  (*Id.* at 4, 9.)  As relief, Frazier requests the Court to order First Progress and Experian "to cease the sharing of" his nonpublic information.  (*Id.* at 4.)  He also seeks damages.  (*Id.* at 4, 10.)

## II.    STANDARD OF REVIEW

Because Frazier appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

III. DISCUSSION

　　A.　　**Gramm-Leach-Bliley Act**

Frazier alleges that First Progress and Experian have violated his right to privacy in that that he chose to "opt out" pursuant to the Gramm-Leach-Bliley Act of having his personal information shared, and that he notified each Defendant that he was "exercising" his right to do so. (*See* Compl. at 3.) To the extent Frazier cites the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*, as a basis for a claim, however, that Act does not support a private cause of action. *See, e.g.*, *Miller v. Navy Fed. Credit Union*, No. 23-1910, 2023 WL 4629648, at *4 (E.D. Pa. July 18, 2023) (dismissing claim based on Gramm-Leach-Bliley Act with prejudice because Act does not provide a private right of action); *Ishmael v. GM Fin. Inc.*, No. 22-1095, 2022 WL 2073821, at *2 (E.D. Pa. June 9, 2022); *USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 726 (N.D. Ill. 2018); *Barroga-Hayes v. Susan D. Settenbrino, P.C.*, No. 10-5298, 2012 WL 1118194, at *5 (E.D.N.Y. Mar. 30, 2012).

　　B.　　**Fair Credit Reporting Act**

Although he did not specifically reference the statute, the Court understands Frazier's Complaint which focuses on privacy concerns as attempting to raise claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer

5

privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[4]

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of

---

[4] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).

information contained in his file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate.  *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021).  "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)."  *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).  Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

To state a plausible claim under the FCRA against a furnisher of credit information, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information."  *Harris v. Pa.*

*Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance."  *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017).  "[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'"  *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).  Similar to claims under § 1681e or § 1681i, courts have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim in regard to furnishers of credit information.  *Holland*, 574 F. Supp. 3d at 298 (citations and internal quotation marks omitted).

        1.    **First Progress**

The Court understands Frazier to allege that First Progress acted as a "furnisher" under the FCRA.  *See* 15 U.S.C. § 1681s-2; *Donohue v. C. Blosenski Disposal Co.*, No. 05-5356, 2006 WL 3423888, at *1 (E.D. Pa. Nov. 28, 2006) ("While the FCRA does not explicitly define 'furnisher of information,' the Courts have defined the term to mean 'an entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency.'").  Nonetheless, Frazier has not pled a plausible claim against First Progress.  While Frazier alleges that First Progress disclosed information about his account to Experian and other consumer reporting agencies, he does not allege that the information transmitted was inaccurate.  This is fatal to any claim under § 1681s-2.  *See Holland*, 574 F. Supp. 3d at 302 (noting that there must be a threshold showing of inaccuracy to make a claim against a furnisher); *see also*

8

*Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations); *Villalobos v. Citi Bank NA*, No. 22-1837, 2023 WL 3035315, at *5 (M.D. Pa. Feb. 2, 2023) ("Plaintiff has provided no information about what the negative credit information consisted of (aside from allegations that it was related to a BestBuy credit card), and has failed to explain in what respect the reported information was false."); *Gittens v. Sterling Jewelers Inc.*, No. 15-5872, 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) ("The complaint does not say what the negative credit information consisted of, or in what respect it was false."). Accordingly, Frazier fails to allege a plausible FCRA claim for relief against First Progress.

    **2.**    **Experian**

Liberally construing Frazier's Complaint, it is possible that Frazier seeks to present claims against Experian pursuant to the FCRA. Such claims are best construed as alleging that Experian failed to fulfill its responsibilities under § 1681e(b) and § 1681i(a) of the FCRA. Nevertheless, Frazier has not alleged a plausible claim. While he alleges that he notified Experian that he "opted out" of the inclusion of First Progress information on his credit report and appears to allege that Experian failed to follow proper procedures when preparing his report, he has made no allegations regarding the accuracy of the First Progress information. As noted above, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F. App'x at 69. For the same reason that Frazier's claims against First Progress fail, his claims against Experian also fail. Frazier simply has not identified inaccurate credit history information, nor alleged any facts about how the information was inaccurate. *See Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that the complaint failed to

state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report).

### C. State Law Claims

To the extent that Frazier seeks to present a state law claim against First Progress for invasion of privacy, his claim is preempted by federal law. "[T]he FCRA broadly preempts any state law "requirement[s] or prohibition[s] . . . with respect to any subject matter regulated under Section 1681s-2 of this title, relating to the responsibilities of any persons who furnish information to consumer reporting agencies." *Rivas v. L&N Builders Grp., Inc.*, No. 22-7544, 2023 WL 4014290, at *3 (D.N.J. June 15, 2023) (citing 15 U.S.C. § 1681t(b)(1)(F)); *see also Cheadle v. Experian*, No. 20-18183, 2021 WL 3144843, at *4 (D.N.J. July 26, 2021) ("Although not yet directly addressed by the Third Circuit, several other circuit courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2.") (citing cases). Courts, including those in this district, "have interpreted . . . [§ 1681t(b)(1)(F)] to bar all state claims, whether statutory or common-law based." *Rivas*, 2023 WL 4014290 at *3 (citations omitted). *See, e.g., Havassy v. Mercedes-Benz Fin. Servs. USA, LLC*, 432 F. Supp. 3d 543, 547 (E.D. Pa. 2020) ("Multiple district courts within the Third Circuit have likewise adopted this conclusion and found that Section 1681t(b)(1)(F) preempts both state statutory and common law claims against furnishers of information acting under Section 1681s-2.") (citing cases); *see also LeBoon v. DS Waters of Am., Inc.*, No. 20-5268, 2021 WL 1193239, at *3 (E.D. Pa. Mar. 30, 2021) (finding that breach of contract and intentional infliction of emotional distress claims were premised on allegations of

conduct regulated under § 1681s-2 and therefore preempted by § 1681t(b)(1)(F)); *Cicala v. Trans Union, LLC*, Nos. 15-6790, 15-6801, 2016 WL 2622377, at *4 (E.D. Pa. May 9, 2016) (finding state law defamation claim preempted); *Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 543 (E.D. Pa. 2015) (finding state law defamation claim preempted); *Grossman v. Trans Union*, LLC, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014) (finding state law defamation and negligence claims preempted).  Accordingly, any state law privacy claims against First Progress, which are based on its responsibilities as a furnisher of information under § 1681s-2, will be dismissed.  *See Rivas*, 2023 WL 4014290, at *3 (finding that plaintiffs' negligence claim is related to or arises out of duties owed under the FCRA and is preempted); *Washington*, 2021 WL 1100637, at *3 (finding that plaintiff's proposed Amended Complaint failed to state cognizable claims for defamation and intentional infliction of emotional distress against furnisher of information as they are preempted by § 1681t(b)(1)(F)).

Moreover, any privacy claims against Experian fail pursuant to § 1681h(e) of the FCRA.[5] Section 1681h(e) provides that defamation, invasion of privacy, or negligence claims, while ordinarily preempted by the FCRA, can be brought against a consumer reporting agency if "false information [is] furnished with malice or willful intent." *Williams v. Navient Sols., LLC*, No. 17-6509, 2017 WL 3784039, at *2 (D.N.J. Aug. 31, 2017); *see also Grossman v. Trans Union, LLC*,

---

[5] Section 1681h(e) states in relevant part:
> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C § 1681h(e).

992 F. Supp. 2d 495, 499-500 (E.D. Pa. 2014) (noting that § 1681h(e) applies to consumer reporting agencies and users of consumer reports, but not furnishers of information). Nothing in the Complaint supports a reasonable inference that the information supplied to Experian was false, or that Experian acted with malice or intent to injure in reporting it. *See Parker v. Lehigh Cnty. Domestic Rel. Ct.*, 621 F. App'x 125, 130 (3d Cir. 2015) (*per curiam*) (affirming dismissal of defamation claim on § 1681h(e) preemption grounds); *Yurkovic v. New Jersey Higher Educ. Student Assistance Auth.*, No. 16-5339, 2019 WL 7602361, at *6 (D.N.J. July 15, 2019) ("Apart from Plaintiff's conclusory allegations set forth in his complaint, . . . no evidence has been provided to the Court indicating that any Defendant acted with malice or willful intent. Plaintiff's common law defamation claim is therefore preempted by the FCRA and is dismissed [pursuant to 1681h(e)].").

Frazier also purports to present a conspiracy claim by alleging that "Defendants made an agreement to share Plaintiff['s] nonpublic information without Plaintiff['s] permission or consent" and that "Defendants committed an unlawful act by conspiring to share Plaintiff['s] information without consent or permission." (*See* Compl. at 9.) Putting aside the bald nature of these allegations and whether nonpublic information was even shared, Frazier has not pled a plausible claim. Under Pennsylvania law, "[a] civil conspiracy is a combination or agreement between two or more persons to commit an unlawful act or a lawful act by unlawful means." *Ching-Luo v. Owen J. Roberts Sch. Dist.*, No. 19-3997, 2022 WL 4480559, at *2-3 (3d Cir. Sept. 27, 2022) (*per curiam*) (citation and internal quotation omitted); *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 88 (Pa. 2023). "[P]roof of malice - or the intent to injure - is an essential part of the conspiracy cause of action." *Brignola v. Home Properties, L.P.*, No. 10-3884, 2013 WL 1795336, at *14 (E.D. Pa. Apr. 26, 2013) (citing *Lackner v. Glosser*, 892 A.2d 21, 35 (Pa. Super.

Ct. 2006)).  Civil conspiracy is not a separate cause of action but instead requires an underlying tort.  *See Boyanowski v. Cap. Area Intermediate Unit*, 215 F.3d 396, 405-07 (3d Cir. 2000).  Therefore, "[a] verdict on the civil conspiracy should yield to a finding for the defendant on the underlying tort because the cause of action is wholly subordinate to the underlying tort's existence."  *Id.* at 407.  Since the Court is dismissing Frazier's FCRA and privacy claims, there is no underlying tort on which to base a civil conspiracy claim.  *See Leboon v. Equifax Info. Servs., LLC*, No. 18-1978, 2018 WL 4924170, at *3 (E.D. Pa. Oct. 10, 2018) (dismissing conspiracy claim because court dismissed FCRA claim and common law negligence claim, and therefore, there was no underlying tort on which to base his civil conspiracy claim).

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Frazier's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Frazier will be given leave to file an amended complaint in the event he can state a plausible basis for a claim.  An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

s/ *R. Barclay Surrick*
_____
**R. BARCLAY SURRICK, J.**
